"IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DERICK CHRISTOPHER KESSING,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00546 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WESTERN VIRGINIA REGIONAL JAIL, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Derick Christopher Kessing, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983, alleging that jail officials have violated his constitutional rights by depriving him of personal property. Upon review of the record, I conclude that the lawsuit must be summarily dismissed as legally frivolous.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

At the time he filed his Complaint, Kessing was confined at the Western Virginia Regional Jail in Salem, Virginia. According to Kessing, on July 11, 2019, he was processed to leave the jail for a court proceeding in Norfolk. Officer Jones, in error, reissued Kessing's personal property to him as though he was being released from confinement. When this error was corrected, Officer Jones allegedly took back the property without conducting a new property inventory as required by jail policy. Kessing was escorted to holding to await his transportation to Norfolk and alleges that his belongings were left in a hallway, unattended. When Kessing returned from court to the jail and received his property, several items were missing, including his radio and batteries. He filed numerous complaint forms through the jail's electronic kiosk system about the missing property, with no resolution.

Kessing filed this civil action on July 31, 2019. As defendants, he names Jones and several other jail officers, as well as the jail itself. He seeks compensatory and punitive damages and reprimands for the jail staff.

It is well established that inmates do not have a constitutionally protected right to participate in a prison grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Consequently, a jail official's failure to comply with the jail's grievance procedure does not violate any constitutionally protected right. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). To the extent that Kessing seeks to hold jail officials

liable under § 1983 for not following the jail's grievance procedures, I must dismiss that claim as legally frivolous.

Kessing's claim concerning the loss of his radio, batteries, and other property is also legally frivolous. State employees' unauthorized actions, whether intentional or negligent, that deprive a prisoner of property do not violate the procedural requirements of the Due Process Clause when the state has made a meaningful postdeprivation remedy available to him. *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984). Section 1983 actions were intended to vindicate federal rights and is not an appropriate remedy by which to raise tort claims for which there are adequate state law remedies. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Because Kessing possessed tort remedies under Virginia state law to seek reimbursement, namely the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, he cannot prevail in a constitutional claim for the alleged loss of his radio or other property items. Moreover, officials' alleged violations of the VDOC property regulations do not implicate any constitutionally protected right and so are not actionable under § 1983. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990).

For these reasons, Kessing's allegations do not support any claim of constitutional significance as required for relief under § 1983. Accordingly, I must dismiss his Complaint pursuant to § 1915A(b)(1), as frivolous.

A separate final order will be entered herewith.

DATED: October 15, 2019

/s/ *JAMES P. JONES*
United States District Judge